UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marcella A. Caliman,

    Plaintiff,

-V-

                                          Case No. 2:03-cv-1173
                                          JUDGE SMITH
                                          Magistrate Judge King

Community Mental Health and
Recovery Board of Licking and
Knox County, et al.,

    Defendants.

## ORDER

The pro se plaintiff asserts that defendants discriminated against her by terminating her employment because of her race in violation of Title VII of the Civil Rights Act of 1964. Defendants move to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) on the basis that they are not "employers" within the meaning of Title VII.

Title VII defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calender weeks in the current or preceding calender year, . . ." 42 U.S.C. § 2000e(b). Although some circuit courts have held that the fifteen-employee requirement is not jurisdictional[1], the Sixth

---

[1] See, e.g., Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 83 (3rd Cir. 2003); Da Silva v. Kinsho Intern'l Corp., 229 F.3d 358, 366 (2nd Cir 2000); Sharpe v. Jefferson Distributing Co., 148 F.3d 676, 677 (7th Cir. 1998); EEOC v. St. Xavier Parochial School, 117 F.3d 621, 623-25 (D.C.Cir. 1997). The Sixth Circuit has not directly addressed the issue, however, this Court will not adopt a new rule of law where the Sixth Circuit has indicated that §2000e(2)'s requirements are jurisdictional.

Circuit Court of Appeals has indicated that § 2000e(b)'s requirements are jurisdictional.  See

Armbuster v. Quinn, 711 F.2d 1332, 1339 (6th Cir. 1983); Hassell v. Harmon Foods, Inc.,

454 F.2d 199, 199 (6th Cir. 1972).

Here, defendants have submitted evidence[2] showing that during the relevant period, the

Community Mental Health and Recovery Board of Licking and Knox Counties never employed

fifteen or more people.  Plaintiff does not disagree that defendants employed fewer than fifteen

people, and does not attempt to submit evidence contrary to defendants' assertion.

The Court finds that it lacks subject matter jurisdiction over this case.  For that reason,

the Court **GRANTS** defendants' motion to dismiss (Doc. 19).

The Clerk shall enter a final judgment in this case in favor of defendants, and against

plaintiff, dismissing this case for lack of jurisdiction.

The Clerk shall remove Doc. 19 from the Court's pending CJRA motions list.

The Clerk shall remove this case from the Court's pending cases list.


**IT IS SO ORDERED.**


/s/ **George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Defendants move to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction rather than under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Therefore, defendants' submission of evidence does not convert the motion to dismiss into one for summary judgment under Fed. R. Civ. P. 12(b).